Jones, J.
 

 On August 3,1926, the board of education of Madison township rural school district, Perry county, Ohio, hired Logan A. Waits as principal of a high school for a term of eight months, beginning September 7th of that year. He entered upon the performance of his duties, and taught until December 20, 1926. On November 19, 1926, after his employment, the factory and building inspector, division of the State Department of Industrial Relations, notified the board that, unless the school building was remodeled to conform to the state building code (Section 12600-1
 
 et seq.,
 
 General Code), its use would be prohibited on and after January 1,1927. In a special defense, the board alleged various reasons for its inability to remodel the building within the school year, and to place it in a condition for school work, and, because of this inability, suspended by resolution the further use of the school building for school purposes after January 1,1927.
 

 The record discloses that the time required for remodeling the school building and making the necessary changes to put it in condition to comply with the order of the state department would consume the greater part of the remainder of the school term. In December, 1926, the board notified Waits that the school building would be closed and the school discontinued on January 1, 1927, following. On January 20, 1927, Waits brought suit asking for
 
 *312
 
 the payment of compensation for the remaining part of the eight months for which he had been employed.
 

 In the court of common pleas the cause came on for hearing upon the statements of counsel for the opposing parties, recounting substantially the foregoing facts. Thereafter each of the parties moved the court for judgment in their respective favor. The motion of the defendant board was overruled and the motion of plaintiff sustained. Thereupon judgment was rendered in favor of plaintiff for the amount sued for. The Court of Appeals affirmed the court below, and the cause was lodged in this court on the defeated party’s motion to certify the cause here for review.
 

 The chief question presented is whether the suspension of the school by the board of education by reason of the order of the State Department of Industrial Relations terminated the teacher’s employment. In the exercise of its police power, the state has assumed control over public contracts of this character. The controlling provisions applying to this subject are found in Section 7730, General Code, which reads as follows:
 

 “The board of education of any rural or village school district may suspend by resolution temporarily or permanently any school in such district because of disadvantageous location or any other cause, and teachers’ contracts shall thereby be terminated after such suspension.”
 

 Counsel for the defendant in error insist that said section, properly interpreted, should be construed to mean that the grant of power to suspend the school exists only because of disadvantageous location or other
 
 like
 
 or
 
 similar
 
 cause; and that,
 
 *313
 
 since the statute has enumerated disadvantageous location as a cause for suspension, the rule of
 
 ejusdem generis
 
 should be invoked, and, if invoked, the term “or any other cause” should include only things or causes of the same general nature as that specifically enumerated. It is rather difficult to designate what would be a like or a similar cause for which a school might be suspended. Were we to apply the rule and reasons advanced by counsel for defendant in error, and confine suspension to cases involving disadvantageous locations only, it would result in denying the power to suspend if the school building should be consumed by fire, or devastated by storm, or found to be in a condition endangering the lives of its inmates. When we consider the various circumstances, other than that of disadvantageous location, which might necessitate the suspension of our public schools, it is impossible to so construe this statute as empowering suspension for reasons of location only. To do so would be giving the term, ‘ ‘ or any other cause, ’ ’ a too narrow meaning — one obviously not contemplated by the statute. The language is clear and unambiguous. When the board of education, acting in good faith, suspends a school for any valid cause, under the specific terms of this statute the ‘ ‘ teachers ’ contracts shall thereby be terminated after such suspension.”
 

 Other reasons are urged by counsel for plaintiff in error for reversal of this case. However, under the state of this record as we find it, we do not now pass upon them.
 

 The judgments of the lower courts are reversed, and, proceeding to render the judgment which should
 
 *314
 
 have been entered, judgment is hereby rendered, in favor of the plaintiff in error.
 

 Judgment Reversed; final judgment rendered.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.